## UNITED STATES v. ONE BUICK COUPÉ.

### No. 2069.

District Court, W. D. Pennsylvania.
March 21, 1931.

Louis E. Graham, U. S. Atty., of Pittsburgh, Pa.

Robert Mellin, of Pittsburgh, Pa., for defendant.

SCHOONMAKER, District Judge.

This case was heard on libel to condemn on Buick coupé seized in the possession of

Charles Burger while transporting liquor, in violation of the National· Prohibition Act, and on petition of the North Side Buick Company to establish a lien against said automobile in the sum of $350 under a bailment contract between Burger and the petitioner.

We find that the facts set forth in the forfeiture libel are true, and that the plaintiff is entitled to a decree forfeiting the automobile in question and providing for the sale thereof under the provisions of section 26, title 2, of the National Prohibition Act (27 USCA § 40).

We further find that the intervening petitioner, North Side Buick Company, has an established lien under the provisions of said act in the sum of $350, to which it is entitled out of the proceeds of public sale of said automobile, after deducting the expenses of keeping the property, the fee for seizure, and the cost of the sale.

Let a decree be submitted accordingly.

### Discussion.

The only question involved in this case is whether or not the North Side Buick Company should be refused relief by reason of their alleged laches.

The facts with reference to this claim of laches are as follows:

The car was seized by federal prohibition agents on November 30, 1929. Burger secured its release on December 6, 1929, upon giving bond to the government, as required by section 26, title 2, of the National Prohibition Act (27 USCA § 40). The car continued in his possession until February 17, 1931, when it was delivered to the United States after sentence had been imposed upon Burger on the 13th day of February, 1931, in the criminal case against him.

The contention of the government was that the North Side Buick Company should have proceeded against this automobile on its bailment contract while the car was released to Burger under bond. The North Side Buick Company made known its claim to an attorney for the prohibition unit on the seizure of the car and was told by an attorney in the writ that nothing could be done until the disposal of the criminal case against Burger. We cannot say, under those circumstances, that the intervener has slept on its rights to such an extent that it should be precluded from establishing its lien, as was the case in United States v. Kane (D. C.) 273 F. 275.

We conclude that the North Side Buick

Company was not guilty of laches and is entitled to its lien of $350, as an intervening lienor.